PATRICK CARROLL, FRANCIS CARROLL AND LEWIS LANE, *qui tam,*
*v.* EDWARD ALDRICH.

Several creditors, having distinct and separate debts due to them severally from the same debtor, cannot join as plaintiffs in an action *qui tam* against such debtor, to recover the penalty given by statute for being party to a fraudulent conveyance, or judgment.

THIS was an action brought to recover the penalty, given by statute, for being party to a fraudulent conveyance by one Thomas Gibbs, a debtor of the plaintiffs, and of procuring, against the said Gibbs, a fraudulent judgment, with the intent thereby to enable the said Gibbs to avoid the debts due from him to the plaintiffs. It appeared, from the declaration, that the debts due from Gibbs to the plaintiffs were not due to them jointly, but that they were distinct debts, due to the plaintiffs severally; and for this cause the defendant demurred specially to the declaration.

The county court adjudged the declaration insufficient, and rendered judgment for the defendant; to which decision the plaintiffs excepted.

*G. C. & E. A. Cahoon* for plaintiffs.
Although it may not appear that the plaintiffs were partners, or

72

Carroll et al. *v.* Aldrich.

jointly interested in the debts sought to be avoided by the defendant, it would still seem that they ought to be permitted to sustain this action, for the reason that the defendant is liable to but *one penalty;* by consequence, if the creditors are compelled to sue singly, *one only* can obtain the penalty given by statute, leaving the remainder wholly without remedy. In *Forbes et al. v. Davison,* 11 Vt. 660, the court say, " The effect is the same to the defendant, whether sued by *all, jointly,* or by one alone, as but one penalty can be collected."

" Each of the fraudulent parties to a conveyance is liable to the penalty of the statute;" See *Slack* v *Gibbs,* 14 Vt. 366; but the defendant does not seem to be liable to each individual creditor in a separate penalty, as he should be, if this demurrer prevails. " Though the interests be several, yet, if the injury occasion an *entire joint damage* to several, they may join." 1 Chit. Pl. 54. "If two persons have an *entire joint damage,* they may bring a joint action, though their *interests* are several." *Coryton* v. *Lithebye,* 2 Saund. R. 115, & note. It seems to us, that the case at bar falls within the above rule. The fraudulent transaction of the defendant, notwithstanding the several interests of the plaintiff, operate as a *joint damage* to all, and was made with intent to avoid their claims, as a whole.

The statute gives the forfeiture equally to the *county* and the *party aggrieved.* Now, who is the *party aggrieved?* Not, surely, *one* creditor *only,* or he who might first commence an action, but *all,* whose debts or rights are sought to be avoided. · A different construction, or such as the defendant now seeks to apply, would render the statute *partial, unequal* and *unjust.* The rights of *all* creditors should receive *equal* protection. Of two constructions, then, one producing but *partial and proximate,* while the other affords *equal* and *unrestricted,* if not *complete,* justice and equity, the latter, so long as legislation professes to act for the *community,* as a whole, should prevail.

*D. Hibbard, Jr.,* for defendant.

If the legal interest of two, or more, be several, and there be no express contract with all, they must sue separately. 1 Chit. Pl. 8. *Forbes et al* v. *Davison,* 11 Vt. 672. The staute gives this action

Carroll et al. *v.* Aldrich.

to the *party* aggrieved, not to the *parties;* and the party that sues first is entitled to the penalty. In 4 T. R. 22, BULLER, J., said, there was no instance, in which the court had given leave to amend *as to parties* in the suit, in a *qui tam* action, after a *demurrer.* A joint action against the fraudulent grantor and grantee, to recover the penalty, cannot be maintained; and, if both are joined as defendants, and a verdict is obtained against them, judgment will be arrested. *Slack q. t.* v. *Gibbs et al.,* 14 Vt. 357.

The opinion of the court was delivered by

HEBARD, J. The only question, in relation to the sufficiency of the declaration, grows out of the joinder of the several plaintiffs. It does not appear that the plaintiffs were in any way connected in business, or that they had any joint interest in the several debts, which, they allege, the defendant attempted to avoid by this fraudulent conveyance. But the declaration alleges, that the sale was made to avoid those particular creditors, and their debts; and it is therefore claimed that the injury was joint.

To determine the propriety, or impropriety, of the joinder of the plaintiffs, it will be necessary to consider the nature of the claim, and the defendant's liability. The action, in the first place, is provided by statute, to recover a *penalty.* The penalty belongs only to those persons, to whom it is given by law,—and that, not by way of satisfying and discharging a debt, but by way of *correction.* Ordinarily, all, who *may* join as plaintiffs, *must* join; and it would seem, here, that, if more than one of the creditors of the fraudulent vendor may join as plaintiffs, all *may* and *must* join. The statute gives the action to the party aggrieved;—one creditor is, in contemplation of law, as much aggrieved, as another. The statute gives one half of the penalty to the first who will prosecute; and to determine this, the magistrate, or clerk, is to certify the true day of signing;—the phraseology of the statute seems to imply this view of it,—whether accidental is uncertain. The nineteenth section (Rev. St. 432) provides that all such fraudulent sales shall be null and void, as against the *party,* or *parties,* whose debt is attempted to be avoided. The twentieth section provides, that the parties to such fraudulent conveyance shall forfeit the value of such property, which forfeiture shall be equally divided between the party aggrieved and the county.

There is, therefore, no *joint injury*, or *joint interest*. It is no common law cause of action, founded upon a *liability* created by contract, express, or implied, nor growing out of any liability incurred by a direct violation of any individual's right by any tortious act. It is a cause of action given by statute by way of punishment, and no one has any concern or interest in it, any farther than such interest is created by statute. It is, therefore, unlike the case for not grinding at the plaintiff's mill, and the case of the *Dippers at Tunbridge Wells*, which have been cited by the counsel for the plaintiffs.

The statute of 1787, from which all the subsequent statutes have derived their general provisions and expressions, in this respect, makes no provision for collecting the forfeiture. It creates a forfeiture of the property, and, upon conviction, imposes a punishment by confinement for half a year, and provides for an equal division of the forfeiture between the county and the party *grieved*, but makes no provision for collecting it,—unless, as is probable, by other general provisions of the law, it would be in the criminal form of proceeding by information, or indictment, and the aggrieved party would act as a common informer, to set the law in motion. By the statute of 1797 and the statute of 1821 the general provisions are retained, with some modifications, but the mode of recovering the penalty is provided for by action on the case, founded on this statute, one half of the penalty to be paid to the party aggrieved, and the other half to the county; and the same provision is retained in the Revised Statutes.

In law, the fraudulent sale is made for the purpose of avoiding all the creditors, and one creditor can sue, as well as another. If, therefore, any *particular* creditor has any legal interest in the penalty, all have, and all should join in prosecuting it. But the reverse is the fact; no one has any *interest* in it. The sale being made fraudulent, only as against creditors, therefore, if no one of the creditors complains, the public are not injured; and, the penalty being imposed by way of punishment, the statute has designated the particular mode of setting the law in motion, and that is by a creditor's instituting a suit,—so that he, *pro hac vice*, becomes an informing officer; and because there is another person, who might as well have done it as the person that first moved, it does not fol-

low that two, or more, either *must,* or *may join;* for it might as well be said, that all the town grand jurors must join in a complaint for an offence against some criminal law, because, by law, one has as much authority as another to prosecute it.

Judgment affirmed.